FILED
2020 Nov-24  PM 02:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **KEARNEY MACHINERY & SUPPLY, INC.,** | } | |
| | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:19-cv-1828-ACA** |
| | } | |
| **SHENYANG MACHINE TOOL CO., LTD.; SHENYANG MACHINE TOOL (GROUP) CO., LTD.; SHENYANG MACHINE TOOL IMPORT & EXPORT CO., LTD.,** | } | |
| | } | |
| | } | |
| | } | |
| | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Kearney Machinery & Supply, Inc.'s ("Kearney") motion for an order authorizing service of process on the California Secretary of State.  (Doc. 14).

Kearney filed this lawsuit against three Chinese companies: Shenyang Machine Tool Co., Ltd.; Shenyang Machine Tool (Group) Co., Ltd.; and Shenyang Machine Tool Import & Export Co., Ltd. (collectively "Defendants").  (Doc. 1). Kearney seeks to enforce a $13,000,000 state court judgment against Defendants' wholly-owned American subsidiary, SMTCL USA Inc. ("SMTCL USA") and to

avoid certain alleged fraudulent transfers that SMTCL USA made shortly after the state court entered the judgment.

Kearney has had difficulty serving Defendants through the Hague Convention pursuant to Federal Rules of Civil Procedure 4(f)(1) and 4(h).  (*See* Docs. 10, 12).   Kearney now moves for an order authorizing service on Defendants through alternate means under Federal Rules of Civil Procedure 4(f)(3) and 4(h).  (Doc. 14).

Because Kearney has not demonstrated that international agreement does not prohibit its proposed method of service and because the court finds that the proposed method of service is not reasonably calculated to give Defendants notice of the pendency of this action, the court **DENIES** Kearney's motion for an order authorizing service on the Secretary of State in California.

## I.   BACKGROUND

Kearney obtained a state court default judgment against Defendants' wholly owned American subsidiary SMTCL USA in the amount of $13,067,330.53.  (Doc. 1 at 2 ¶ 6; Doc. 1 at 18–20; Doc. 14-1 at ¶ 14).  Kearney alleges that shortly after the state court entered the default judgment, SMTCL USA transferred millions of dollars in assets to Defendants and vacated its California headquarters in an attempt to defraud Kearney and other creditors.  (Doc. 1 at 9–10, ¶¶ 34–37; Doc. 1 at 12, 44–45; Doc. 14-1 at 8; Doc. 14-1 at ¶ 12).  Although SMTCL USA remains

registered as a corporation with the California Secretary of State's Office, Kearney claims that SMTCL USA was a "front" for Defendants with no independent corporate existence of its own.  (Doc. 1 at 10, ¶ 38; Doc. 14-1 at ¶ 20).  SMTCL USA has designated an agent for service with a post office box in a UPS store in a strip mall.  (Doc. 14-1 at ¶ 21).  The designated post office box is not currently in use.  (*Id.*).

## II.    DISCUSSION

Kearney seeks to serve Defendants by serving their wholly owned subsidiary, SMTCL USA, through the California Secretary of State's Office.  (Doc. 14 at ¶ 9).

Federal Rules of Civil Procedure 4(f) and 4(h) govern service of process on foreign corporate defendants.   Rule 4(h) authorizes service on a foreign corporation "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery . . . ."  Fed. R. Civ. P. 4(h)(2).  Rule 4(f) authorizes a number of specific methods of service and also permits the court to order service "by other means not prohibited by international agreement."   Fed. R. Civ. P. 4(f)(3).   The chosen method of service must be reasonably calculated to give notice.  *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (to satisfy Constitutional due process requirements, service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the

pendency of the action and afford them an opportunity to present their objections"); *see also Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921 (11th Cir. 2003) ("A court is required to have personal jurisdiction under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution 'as a matter of individual liberty' so that 'the maintenance of the suit ... [does] not offend 'traditional notions of fair play and substantial justice.'") (quoting *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702–03 (1982)).

Here, Kearney asks for authorization to serve Defendants through service on SMTCL USA pursuant to California Corporations Code § 1702. (Doc. 14 at ¶¶ 3, 6–7). Section 1702 of the California Corporations Code permits service on a California corporation by hand delivery of process to the California Secretary of State if the corporation has not designated an agent or if the designated agent cannot be found with reasonable diligence. Cal. Corp. Code § 1702.

Even if Kearney could show that it is entitled to serve SMTCL USA under California Code § 1702, service on SMTCL USA through the California Secretary State does not satisfy the requirements of service on Defendants pursuant to Federal Rule of Civil Procedure 4(f)(3).

First, Kearney has made no showing that this method of service is "not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). Second, the court

finds that this method of service is not reasonably calculated to give Defendants notice of this action.  By Kearney's own admission, SMTCL USA has closed shop, has vacated its corporate offices, and has no physical presence or employees in California.   (Doc. 14 at ¶ 8; Doc. 14-1 at ¶ 12).   Under these circumstances, leaving service of process with the Secretary of State in a state where Defendants' wholly owned subsidiary no longer operates does not comport with the due process requirements of Rule 4(f)(3).

## III.   CONCLUSION

The court **DENIES** Kearney's motion for an order authorizing service on the Secretary of State in California.  (Doc. 14).

Kearney may continue its efforts to perfect service on Defendants through the Hague Convention or any other authorized means under Federal Rules of Civil Procedure 4(f).

**On or before February 19, 2020**, Kearney **SHALL** file a report regarding the status of service, unless Defendants appear before then.

**DONE** and **ORDERED** this November 24, 2020.

_____

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE