# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **KEARNEY MACHINERY & SUPPLY, INC.,** | } } } |
| Plaintiff, | } } |
| v. | } Case No.: 2:19-cv-1828-ACA } |
| **SHENYANG MACHINE TOOL CO., LTD.; SHENYANG MACHINE TOOL (GROUP) CO., LTD.; SHENYANG MACHINE TOOL IMPORT & EXPORT CO., LTD.,** | } } } } } } |
| Defendants. | } |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kearney Machinery & Supply, Inc. ("Kearney") filed this lawsuit against three Chinese companies: Shenyang Machine Tool Co., Ltd.; Shenyang Machine Tool (Group) Co., Ltd.; and Shenyang Machine Tool Import & Export Co., Ltd. (collectively "Shenyang Defendants"). (Doc. 1). Kearney seeks to enforce a $13,000,000 state court judgment that it received against the Shenyang Defendants' wholly-owned American subsidiary, SMTCL USA Inc. ("SMTCL USA").

Specifically, Kearney asserts two causes of action against the Shenyang Defendants in this case. First, Kearney seeks a declaration that SMTCL USA is the alter ego of the Shenyang Defendants such that the Shenyang Defendants should be liable on the state court default judgment. (Doc. 1 at ¶¶ 49–54). Second, Kearny asserts a claim under Alabama's Fraudulent Transfers Act, Ala. Code §§ 8-9A-1, *et seq.*, seeking to avoid certain alleged fraudulent transfers that SMTCL USA made to the Shenyang Defendants to prevent Kearney from collecting the state court default judgment. (Doc. 1 at ¶¶ 55–60).

Currently before the court are three motions: (1) Kearney's motion for entry of a default judgment against the Shenyang Defendants pursuant to Federal Rule of Civil Procedure 55 and the second paragraph of Article 15 of the Hague Convention (doc. 21); (2) the Shenyang Defendants' motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and motion to dismiss for insufficient service and insufficient service of process pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) (doc. 24); and (3) the Shenyang Defendants' motion to strike John Charles Kearney's declaration (doc. 31).

First, the court **DENIES** Kearney's motion for default judgment **WITHOUT PREJUDICE** as premature and because the court cannot determine at this stage whether it has personal jurisdiction over the Shenyang Defendants.

Because resolution of the Shenyang Defendants' motion to dismiss for insufficient service and insufficient service of process overlaps with the analysis on the motion for default judgment, the court also **DENIES** those motions **WITHOUT PREJUDICE**.

Second, because the court cannot make required findings of fact with respect to jurisdiction without implicating the merits of Kearney's declaratory judgment claim, the court **DENIES** the Shenyang Defendants' motion to dismiss for lack of personal jurisdiction **WITHOUT PREJUDICE**.

Third, because the court has not relied in Mr. Kearney's declaration for purposes of this memorandum opinion, the court **DENIES** as **MOOT** the Shenyang Defendants' motion to strike the declaration.

The court **ORDERS** a period of limited discovery on the question of whether SMTCL USA is the alter ego of the Shenyang Defendants, and the Shenyang Defendants may renew their personal jurisdiction challenge through a motion for summary judgment.

### I.  BACKGROUND

Kearney obtained a state court default judgment against the Shenyang Defendants' wholly owned American subsidiary, SMTCL USA, in the amount of $13,067,330.53.  (Doc. 1 at 2 ¶ 6; Doc. 1 at 18–20).  Kearney then filed this lawsuit seeking to enforce the judgment against the Shenyang Defendants.  (Doc.

1). Kearney asserts one cause of action against the Shenyang Defendants, seeking a declaratory judgment that SMTCL USA is an alter ego of the Shenyang Defendants, and therefore, they should be liable on the state court judgment. (*Id.* at ¶¶ 49–54). Kearney asserts a second cause of action against the Shenyang Defendants under Alabama's fraudulent transfers act, seeking to set aside alleged fraudulent transfers that SMTCL USA made to the Shenyang Defendants to avoid paying the state court judgment. (*Id.* at 50–55).

Kearney has attempted to serve the Shenyang Defendants pursuant to the Hague Convention. (Doc. 10). To date, Kearney has not received a certificate of service or otherwise confirmed that the Shenyang Defendants have been served. (*Id.*). Kearney has moved for entry of a default judgment pursuant to the second paragraph of Article 15 of the Hague Convention. (Doc. 21). In turn, the Shenyang Defendants challenge personal jurisdiction, sufficiency of process, and sufficiency of service of process. (Doc. 24).

## II.   DISCUSSION

### 1.   Motion for Default Judgment

Kearney asks the court to enter default judgment against the Shenyang Defendants pursuant to Federal Rule of Civil Procedure 55 and the second paragraph of Article 15 of the Hague Convention. (Doc. 21).

Article 15 of the Hague Convention contemplates scenarios where, as in this case, a plaintiff has not received a certificate of service on a foreign defendant. Specifically, the court may enter a default judgment when three conditions are fulfilled: (1) "the [writ of summons or equivalent] document was transmitted by one of the methods provided for in this Convention"; (2) "a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document"; and (3) "no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed." Hague Convention, art. 15. Here, the court need not determine whether Kearney has satisfied the Hague Convention requirements because the court could not enter default judgment pursuant to Federal Rule of Civil Procedure 55.

First, the motion for default judgment is premature because the Clerk has not entered default against the Shenyang Defendants. Federal Rule of Civil Procedure 55 establishes a two-step procedure for obtaining a default judgment. When a defendant fails to plead or otherwise defend a lawsuit, the Clerk of Court must enter the party's default. Fed. R. Civ. P. 55(a). Then, if the defendant is not an infant or an incompetent person, the court may enter a default judgment against the defendant as long as the well-pleaded allegations in the complaint state a claim for

5

relief.  Fed. R. Civ. P. 55(b).  Here, the Clerk has not entered default, so the court cannot proceed to the second step of whether a default judgment is warranted.

Second, as explained below, the Shenyang Defendants have challenged personal jurisdiction.  And because the court cannot satisfy itself that it has personal jurisdiction over the Shenyang Defendants at this stage in the proceedings, the court will not risk entering a default judgment that might be void. *See Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001) (generally, a judgment is void if the court lacked jurisdiction over the parties).

Accordingly, the court **DENIES** Kearney's motion for default judgment **WITHOUT PREJUDICE**. Because the Shenyang Defendants' arguments about sufficiency of process and service of process overlap with the court's analysis of whether Kearney has shown that judgment is appropriate under Article 15 of the Hague Convention, the court also **DENIES** the Shenyang Defendants' motion to dismiss for insufficient process and insufficient service of process **WITHOUT PREJUDICE**.

    2.    <u>Personal Jurisdiction</u>

The Shenyang Defendants move the court to dismiss this action for lack of personal jurisdiction.  (Doc. 24).  To withstand a Rule 12(b)(2) motion, the plaintiff "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556

F.3d 1260, 1274 (11th Cir. 2009). Where a defendant challenges personal jurisdiction and submit affidavits in support of its position, the burden shifts back to the plaintiff to produce evidence supporting jurisdiction. *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002). If "the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." *Id.*

"A federal court sitting in diversity may exercise personal jurisdiction [over a nonresident defendant] to the extent authorized by the law of the state in which it sits and to the extent allowed under the Constitution." *Id.* Here, the two inquiries overlap because "Alabama's long-arm statute permits service of process to the fullest extent constitutionally permissible." *Sloss Indus. Corp. v. Eurison*, 488 F.3d 922, 925 (11th Cir. 2007) (citing Ala. R. Civ. P. 4.2(b)).

The Due Process Clause permits two kinds of personal jurisdiction: general and specific. *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cnty.*, 137 S. Ct. 1773, 1779–80 (2017). General jurisdiction exists where foreign defendants' "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 317 (1945)). Specific personal jurisdiction is jurisdiction that "aris[es] out of a party's activities in the forum state that are related to the

cause of action alleged in the complaint." *Sloss Indus. Corp.*, 488 F.3d at 925 (quotation marks omitted); *see Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985) (explaining that individuals have a protected liberty interest to be free from judgments of "a forum with which he has established no meaningful contacts, ties, or relations," such that the non-resident defendant must have "fair warning" that he may be subject to suit in the forum) (quotation marks omitted).

The court does not have general jurisdiction over the Shenyang Defendants. The record demonstrates that the Shenyang Defendants—all Chinese corporations (doc. 24-4 at ¶¶ 2–4) have no affiliations with Alabama. They have no office, registered agent, employees, tax obligations, or bank accounts in Alabama. (*Id.* at ¶¶ 17–21). This evidence fails to show that the Shenyang Defendants have any contacts with Alabama, much less contacts with the forum that essentially render them "at home" here. Accordingly, the court cannot exercise general jurisdiction over the Shenyang Defendants.

Neither can the court exercise specific jurisdiction over these Defendants. The court has specific jurisdiction over a non-resident defendant only if the defendant's contacts with the forum state are: (1) "related to the plaintiff's cause of action or . . . [gave] rise to it"; (2) "involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum"; and (3) are "such that the defendant should reasonably anticipate being

haled into court there." *Sloss Indus. Corp.*, 488 F.3d at 925. (quotation marks omitted). If the defendant's contacts with the forum state satisfy those criteria, the court must determine whether the exercise of jurisdiction would offend "traditional notions of fair play and substantial justice." *Id.* at 933.

With respect to the first prong, the court examines the "'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that [took] place in the forum State and is therefore subject to the State's regulation.'" *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1780 (quoting *Goodyear*, 564 U.S. at 919). In other words, the court's "inquiry must focus on the direct causal relationship among the defendant, the forum, and the litigation." *Fraser v. Smith,* 594 F.3d 842, 850 (11th Cir. 2010) (quotations omitted). Importantly, a "plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). Instead, the defendants' conduct "must form the necessary connection with the forum State that is the basis for its jurisdiction." *Id.*

The second prong requires a plaintiff to demonstrate that the defendant "'purposefully availed' itself of the privilege of conducting activities—that is, purposefully establishing contacts—in the forum state. . . ." *Diamond Crystal Brands, Inc. v. Food Movers, Intern., Inc.*, 593 F.3d 1249, 1267 (11th Cir. 2010). A plaintiff may establish purposeful availment if the facts show that the defendant

"deliberately engaged in significant activities within [the forum state] or created continuing obligations with residents of that forum." *Id.* at 1268.

Construed in the light most favorable to Kearney, the record contains no evidence showing that the Shenyang Defendants have any contacts with Alabama that are related to the declaratory judgment and fraudulent transfer causes of action or that involve any purposeful availment on the part of the Shenyang Defendants such that they would anticipate being haled into court here. Notably, there is no allegation in the complaint or other evidence showing that any of the alleged fraudulent transfers of assets occurred to or from Alabama. And Kearney has not alleged or presented evidence showing how a declaratory judgment that SMTCL USA, a California corporation, is the alter ego of the Shenyang Defendants is connected with any conduct directed at Alabama. Kearney's claims have no connection to Alabama other that the fact that Kearney is located here, which is insufficient to establish specific personal jurisdiction over the Shenyang Defendants. Accordingly, Kearney has not met its burden of establishing that its claims arise out of Kearney's contacts with Alabama or that the Shenyang Defendants purposefully availed themselves to the benefit of this state's laws by conducting any activity in Alabama.

Kearney argues that because the Shenyang Defendants engaged in business activities in the United States, they are subject to personal jurisdiction in Alabama.

10

(Doc. 21 at 14, ¶ 40).  Specifically, Kearney contends that Shenyang Tool Import & Export imported SMTCL USA's machines to the United States; that the machines identified Shenyang Machine Tool (Group) Co. Ltd. as the manufacturer; and that Shenyang Machine Tool Co. Ltd. backs the warranties on the machines. (Doc. 21 at 14, ¶¶ 40, 41; *see also* doc. 21 at 26–30; doc. 27 at 3–5).  Even if true, "[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State." *Asahi Metal Indus. Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 112 (1987).

Equally unavailing is Kearney's argument that because the Shenyang Defendants filed counterclaims in a lawsuit in Texas and subjected themselves to personal jurisdiction in that forum, the Shenyang Defendants are somehow subject to personal jurisdiction in Alabama.  (Doc. 1 at ¶ 9; *see also* Doc. 27 at 5).  The Shenyang Defendants' purported contacts with Texas are irrelevant to the analysis of whether they are subject to personal jurisdiction in Alabama.

Because Kearney has not shown that the court may exercise general or specific jurisdiction over the Shenyang Defendants based on their conduct or contacts alone, Kearney is left to rely on an alter ego theory to establish personal jurisdiction.  According to Kearney, the court may exercise both general and specific jurisdiction over the Shenyang Defendants because the court at one time had general or specific jurisdiction over SMTCL USA, and SMTCL USA is the

alter ego of the Shenyang Defendants. (Doc. 21 at 9–13; Doc. 27 at 5, 11–13). Setting aside whether Kearney has shown that this court has or could have had general or specific jurisdiction over SMTCL USA, the court is unable at this stage to make the required factual findings necessary to decide whether SMTCL USA is the alter ego of the Shenyang Defendants.

Where an issue like personal jurisdiction "is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits." *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008). Here, resolution of the factual dispute about whether SMTCL USA is the alter ego of the Shenyang Defendants would decide the merits of Kearney's declaratory judgment claim. The Shenyang Defendants' challenge to the court's personal jurisdiction on an alter ego theory is in essence a denial of the underlying facts that form the basis of Kearney's declaratory judgment claim.

In the context of factual attacks on subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the Eleventh Circuit has held that when the attack also implicates an element of the cause of action, the court must adopt a summary judgment standard in evaluating the jurisdictional challenge. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529–30 (11th Cir. 1990). In *Lawrence*, a plaintiff filed an action under the Federal Tort Claims Act against the Immigration and

Naturalization Service ("INS"), claiming that one of the agency's employees caused a car accident while operating an unmarked government vehicle. *Id.* at 1526. The INS moved to dismiss the lawsuit under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, contending that the employee was not acting in the line and scope of his employment at the time of the accident. *Id.* at 1527. The district court granted the motion, and the plaintiff appealed. *Lawrence*, 919 F.2d at 1526.

On appeal, the Eleventh Circuit reversed, finding that the district court erred by resolving a disputed jurisdictional factual matter largely on the basis of an affidavit submitted by the INS without the benefit of further jurisdictional discovery or an evidentiary hearing where the pertinent inquiry resolved not only the question of subject matter jurisdiction but also an element of the plaintiff's claim. *Id.* at 1529–30. The court explained that "[w]hen the jurisdictional basis of a claim is intertwined with the merits, the district court must apply a Rule 56 summary judgment standard when ruling on a motion to dismiss which asserts a factual attack on subject matter jurisdiction." *Id.* at 1530.

Although the court has not located binding authority extending *Lawrence's* holding to attacks on personal jurisdiction that are intertwined with the merits of a claim, the court finds that the reasoning applies equally to such challenges, particularly in light of *Bryant's* direction that it is appropriate for the court to

13

resolve factual disputes in ruling on jurisdictional issues "*so long as the factual disputes do not decide the merits*."  *Bryant*, 530 F.3d at 1376 (emphasis added).

Here, resolution of the jurisdictional factual question about whether SMTCLA USA is an alter ego of the Shenyang Defendants would decide the merits of Kearney's claim for a declaratory judgment that SMTCLA USA is an alter ego of the Shenyang Defendants.  Accordingly, the court finds that the best course is to defer judgment on the issue of personal jurisdiction to avoid premature adjudication of the merits of Kearney's claim.  Therefore, the court **DENIES** the motion to dismiss for lack of personal jurisdiction **WITHOUT PREJUDICE**.

The Shenyang Defendants may raise the issue again through a summary judgment motion after a period of reasonable discovery on the issue of whether SMTCL USA is the alter ego of the Shenyang Defendants.

### III. CONCLUSION

For the reasons explained above, the court **DENIES** Kearney's motion for default judgment **WITHOUT PREJUDICE**.  The court **DENIES** the Shenyang Defendants' motion to dismiss for lack of personal jurisdiction, insufficient service, and insufficient service of process **WITHOUT PREJUDICE**.  The court **DENIES** as **MOOT** the Shenyang Defendants' motion to strike Mr. Kearney's declaration.

The court **ORDERS** the parties to engage in a period of limited discovery on the issue of whether SMTCL USA is the alter ego of the Shenyang Defendants, after which the Shenyang Defendants may renew their personal jurisdiction challenge through a motion for summary judgment.

**On or before November 1, 2021**, counsel shall confer and file a proposed scheduling order governing the limited discovery described above.

**DONE** and **ORDERED** this October 18, 2021.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE