# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **KEARNEY MACHINERY &** ) | |
| **SUPPLY INC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No.: 2:19-cv-1828-ACA** |
| v. ) | |
| ) | |
| **SHENYANG MACHINE TOOL CO.** ) | |
| **LTD., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

Kearney Machinery & Supply, Inc. ("Kearney") filed this lawsuit against three Chinese companies: Shenyang Machine Tool Co., Ltd.; Shenyang Machine Tool (Group) Co., Ltd.; and Shenyang Machine Tool Import & Export Co., Ltd. (collectively "Shenyang Defendants"). (Doc. 1). Kearney seeks to enforce a state court default judgment in the amount of $13,067,330.53 that it received on November 19, 2018 against the Shenyang Defendants' wholly-owned American subsidiary, SMTCL USA Inc. ("SMTCL USA"), which is not a party to this lawsuit. (*Id.*).

In its complaint, Kearney asks the court to enter a declaratory judgment that SMTCL USA is the alter ego of the Shenyang Defendants such that the Shenyang Defendants should be liable on the state court default judgment. (*Id.* at ¶¶ 49–54).

Kearney also asserts a claim under Alabama's Fraudulent Transfers Act, Ala. Code §§ 8-9A-1, *et seq.*, seeking to avoid certain alleged fraudulent transfers that SMTCL USA made to the Shenyang Defendants to prevent Kearney from collecting the state court default judgment. (Doc. 1 at ¶¶ 55–60).

Currently before the court are two motions filed by Kearney: (1) a renewed motion for entry of default judgment under Federal Rule of Civil Procedure 55 (doc. 46); and (2) a renewed motion for sanctions under Federal Rules of Civil Procedure 16 and 37 (doc. 48). Also ripe for the court's consideration is whether to enter a default judgment against the Shenyang Defendants under the court's inherent power. (*See* doc. 47 at 2–8).

First, the court **WILL DENY** as moot Kearney's motion for default judgment under Rule 55 (doc. 46) because the court will enter default judgment against the Shenyang Defendants as a sanction under Rule 16, Rule 37, and the court's inherent power.

Second, the court **WILL GRANT IN PART** and **DENY IN PART** Kearney's motion for sanctions. (Doc. 48). The court **WILL GRANT** Kearney's motion for sanctions to the extent it seeks entry of a default judgment and requiring the Shenyang Defendants to pay reasonable expenses, including attorney's fees, caused by their failure to comply with the court's scheduling and discovery orders and their failure to attend depositions. The court **WILL DENY** Kearney's motion

for sanctions to the extent it seeks other requested relief because as explained below, lesser sanctions will not suffice to deter the Shenyang Defendants' misconduct.

Third, and in the alternative to the default judgment the court will enter pursuant to Rules 16 and 37, the court **WILL ENTER** a default judgment under the court's inherent power against the Shenyang Defendants for their bad faith conduct.

**I.     RULE 55 MOTION FOR DEFAULT JUDGMENT**

Pursuant to Rule 55, Kearney seeks entry of default judgment against the Shenyang Defendants. (Doc. 46). As explained below, the court will enter default judgment against the Shenyang Defendants as a sanction under Rules 16 and 37 and under the court's inherent power. Therefore, the court **WILL DENY** as moot Kearney's motion for default judgment under Rule 55.

The court also notes that because the Shenyang Defendants initially appeared in this action by filing a motion to dismiss (doc. 24), the court is without power to enter default under Rule 55. The text of Rule 55 permits the entry of a default and default judgment only where "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). In a decision that is binding on this court, the former Fifth Circuit explained that the words "'otherwise defend' refers to attacks on the service, or

motions to dismiss, or for better particulars, and the like, which may prevent default without presently pleading to the merits." *Bass v. Hoagland*, 172 F.2d 205, 210 (5th Cir. 1949).  Accordingly, even if Kearney's Rule 55 motion for default judgment were not moot, the court could not enter default judgment under Rule 55.

## II.   RULE 16 AND RULE 37 MOTION FOR SANCTIONS

### 1.   Background and Procedural History

The court has previously outlined in detail the complete procedural history of this action.  (*See* doc. 47 at 2–5).   Therefore, the court limits its description of the facts here to those most relevant and necessary to provide context for the instant motion for sanctions.

After the Shenyang Defendants specially appeared through counsel in this action for purposes of challenging personal jurisdiction, the court entered a scheduling order directing the parties to engage in limited discovery on the issue of whether SMTCL USA is the alter ego of the Shenyang Defendants and instructing the parties to submit dispositive motions on the issue of personal jurisdiction by a date certain.  (Doc. 37).  Pursuant to that order, on December 7, 2021, Kearney issued interrogatories and requests for production to the Shenyang Defendants. (Doc. 51-1 at 2).  On February 9, 2022, Kearney served depositions notices on the Shenyang Defendants.   (*Id.* at 6–21).   The court subsequently granted the Shenyang Defendants' attorneys' motion to withdraw their representation of the

Shenyang Defendants (doc. 42), and the Shenyang Defendants have not complied with multiple court orders to retain new counsel (*see* docs. 39, 42). When the Shenyang Defendants failed to answer Kearney's written discovery or appear for their depositions, Kearney filed a motion for sanctions pursuant to Rules 16 and 37, or alternatively, a motion to compel responses to Kearney's written discovery. (Doc. 44).

On April 26, 2022, the court entered an order denying without prejudice Kearney's motion for sanctions because the court had not yet entered an order compelling discovery. (Doc. 47). In the same order, the court granted Kearney's motion to compel. (*Id.*). The court ordered the Shenyang Defendants to provide full responses to Kearney's December 7, 2021, interrogatories and requests for production on or before May 10, 2022. (*Id.* at 6). The court also ordered the Shenyang Defendants to show cause, in writing, on or before May 10, 2022, why the court should not enter a default judgment against it under the court's inherent authority based on the Shenyang Defendants' conduct described in the April 22, 2022, order. (*Id.* at 8). The April 26, 2022, order warned the Shenyang Defendants that their failure to respond to Kearney's discovery requests or to the court's order to show cause would result in a finding of bad faith conduct necessary for entry of a default judgment as a sanction under Rule 37 and alternatively, under the court's inherent power. (*Id.* at 6–8).

The Shenyang Defendants did not comply with the court's order compelling discovery responses (doc. 48 at 4), and to date, they have not filed any response or other document with the court in response to the order to show cause why the court should not enter a default judgment pursuant to the court's inherent authority. In addition, despite being ordered to do so, the Shenyang Defendants have not responded to Kearney's renewed motion for sanctions. (*See* doc. 49).

2.   Discussion

Pursuant to Rules 16 and 37 Kearney moves the court to sanction the Shenyang Defendants for their refusal (1) to comply with the court's April 26, 2022, order compelling them to respond to Kearney's December 7, 2021, interrogatories and requests for production, (2) to attend their properly noticed depositions, and (3) to comply with the court's scheduling order directing the parties to engage in limited jurisdictional discovery or file dispositive motions. (Doc. 48). Among other sanctions, Kearney seeks entry of a default judgment against the Shenyang Defendants on Count One in its complaint which seeks a declaratory judgment that SMTCL USA is the alter ego of the Shenyang Defendants such that the Shenyang Defendants should be liable on the state court

judgment that Kearney received against SMTCL USA. (Doc. 48 at 9; *see also* doc. 46 at 2–3, 10, 26; doc. 1 at ¶¶ 49–54).[1]

The Federal Rules of Civil Procedure permit the court to grant Kearney the relief it requests. Rule 37(b)(2) allows the court to enter a default judgment against a party if the party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(vi). Rule 37(d) permits the court to enter default judgment as a sanction "if . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i), (d)(3). Rule 16(f) allows the court to issue "any just orders, including [default judgments] if a party . . . fails to obey a scheduling order." Fed. R. Civ. P. 16(f)(1)(C).

Based on the conduct described in the court's April 26, 2022, order and outlined above, sanctions are appropriate here. The Shenyang Defendants failed to obey the court's order compelling them to respond to Kearney's written discovery requests; the Shenyang Defendants did not appear for their properly noticed depositions; and the Shenyang Defendants have not participated in discovery or filed dispositive motions pursuant to the court's scheduling order. (Doc. 48 at 3–4; doc. 51; doc. 51-1; *see also generally* doc. 47). The Shenyang Defendants have offered no reason justifying their failures.

---

[1] As explained above, the court is not ruling on the merits of Kearney's motion for default judgment (doc. 46). The court relies on the substance of the motion only to the extent it outlines the specific relief Kearney seeks from a default judgment sanction.

"[T]he severe sanction of a . . . default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993). Default judgment on Kearney's claim for a declaratory judgment as a Rule 16 and Rule 37 sanction is appropriate under the circumstances of this case.

As previously explained (*see generally* doc. 47), but worth reiterating here, after multiple attempts to serve the Shenyang Defendants through the Hague Convention (docs. 4, 10, 12, 19), Kearney filed a motion for default judgment pursuant to a provision of the Convention that does not require a certificate of service (doc. 21). Four days later, counsel appeared on behalf of the Shenyang Defendants for purpose of challenging personal jurisdiction and requested "fair briefing" on the issue of whether the Shenyang Defendants are subject to jurisdiction in this court. (Doc. 22 at 2).

The court granted the Shenyang Defendants that opportunity and allowed the parties to brief Kearney's motion for default judgment. (Docs. 23, 24, 27, 30). The court could not make required findings of fact with respect to jurisdiction without implicating the merits of Kearney's declaratory judgment claim. So, the court denied the motion for default judgment without prejudice (doc. 35) and entered a scheduling order (doc. 37) directing the parties to engage in a period of

limited jurisdictional discovery on the issue of whether SMTCL USA was the alter ego of the Shenyang Defendants.

Two months after the court entered the scheduling order and five weeks after Kearney served written discovery requests on counsel for the Shenyang Defendants, counsel moved to withdraw their representation of the Shenyang Defendants. (Doc. 38). The motion to withdraw explained that counsel had "experienced a breakdown in the attorney-client relationship with Defendants, which include[d] Defendants' failure to adhere to the terms and conditions of the retainer agreement entered into between Defendants and . . . counsel" which impacted counsel's "ability to represent each of the Defendants." (Doc. 38). Counsel later explained at a hearing on the motion to withdraw that they worked with Chinese counsel at a New York based law firm who communicated directly with the Shenyang Defendants and that the Shenyang Defendants were aware of potential adverse consequences if they did not retain new counsel.

While the motion to withdraw was pending, Kearney properly served deposition notices on counsel for the Shenyang Defendants' ordering corporate representatives to appear for depositions in Birmingham, Alabama on February 24, 2022. (Doc. 51-1 at 6–21). The only response Kearney received was an email from the Shenyang Defendants' former counsel (sent after the court granted the

motion to withdraw) explaining that they no longer represented any of the Defendants. (Doc. 51-1 at 23).

The timing of the Shenyang Defendants' attorneys' motion to withdraw combined with the Shenyang Defendants repeated failure to comply with court orders to retain new counsel demonstrates to this court that the Shenyang Defendants' failure to obey the court's order compelling discovery responses and their failure to attend their depositions was willful and in bad faith. Since originally appearing in this action, the Shenyang Defendants have refused to comply with the court's scheduling order or participate in the discovery process. The Shenyang Defendants have flouted the court's orders to retain new counsel which would allow this litigation to proceed in a just and fair manner. In essence, after appearing and getting exactly what they wanted—namely, an opportunity to fully and fairly present their defenses—the Shenyang Defendants have taken no steps to participate in this action in good faith.

For all these reasons and those explained in the court's April 26, 2022, order (doc. 47), the court finds that the Shenyang Defendants' failure to comply with the court's order compelling discovery responses, failure to attend their depositions, and failure to comply with the court's scheduling order constitutes willful disregard for the court and the discovery process.

10

Moreover, the court has considered whether lesser sanctions would suffice and finds that none would deter the Shenyang Defendants from future discovery abuses. Directing designated facts "be taken as established," striking pleadings, prohibiting the Shenyang Defendants from supporting or opposing designated claims or defenses, or holding the Shenyang Defendants in contempt of court would serve no purpose given the Shenyang Defendants' complete disregard for the court's orders and their continued failure to retain new counsel. *See* Fed. R. Civ. P 37(b)(2)(A)(i)-(iii), (iv). Absent the extreme remedy of a default judgment, this case will remain indefinitely stalled.

Accordingly, the court **WILL GRANT** Kearney's motion for sanctions to the extent it seeks a default judgment against the Shenyang Defendants on Count One in the complaint because the Shenyang Defendants' failures under Rules 16 and 37 are willful and because the well pleaded allegations in the complaint show that SMTCL USA is the alter ego of the Shenyang Defendants, making the Shenyang Defendants liable on the state court judgment. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1371 (11th Cir. 1997) ("Regardless of the willfulness of a party's discovery violation, a default judgment cannot stand on a complaint that fails to state a claim."). The court **WILL ENTER DEFAULT JUDGMENT** in favor of Kearney and against the Shenyang Defendants in the

11

amount of the underlying state court judgment, $13,067,330.53, plus all applicable interest.

Kearney also moves for reasonable expenses, including attorney's fees, pursuant to Rules 16 and 37.  (Doc. 48 at 9).   Rule 37 provides that in addition to the sanctions a court may impose for failure to obey a discovery order or to attend a deposition, "the court must require" the disobedient party or party failing to act "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."   Fed. R. Civ. P. 37(b)(2)(C), (d)(3).   And Rule 16 contains a nearly identical provision.  *See* Fed. R. Civ. P. 16(f)(2) ("Instead of or in addition to any other sanction, the court must order the party . . . to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.").

Here, the Shenyang Defendants have offered no justification—much less substantial justification—for their failure to obey the court's order compelling discovery responses, their failure to attend their depositions, or their failure to comply with the court's scheduling order.  And the court finds no circumstances exist which would make an award of expenses unjust.

Accordingly, the court **WILL AWARD** Kearney reasonable expenses, including attorney's fees, that Kearney incurred due to the Shenyang Defendants' failure (1) to comply with the court's order compelling discovery, (2) to attend properly noticed depositions, and (3) to comply with the court's scheduling order.

Kearney asks the court to set a hearing so that it may present evidence regarding its expenses and fees. The court finds that a hearing is not required at this stage. Instead, the court will order Kearney to file affidavits or other admissible evidence establishing the amount and reasonableness of the expenses and fees it incurred because of the Shenyang Defendants' failures under Rules 16 and 37. If the court determines a hearing is required to make findings about Kearney's requested expenses and fees, the court will set a hearing by separate order.

## III.   INHERENT POWER SANCTIONS

In addition to entering a default judgment as a sanction, the court will enter a default judgment against the Shenyang Defendants based on the court's inherent authority.

The court has the inherent power to impose sanctions for a party's bad faith conduct to "'achieve the orderly and expeditious disposition of cases.'" *In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Before the court can impose sanctions under its inherent

power, the court must give a party notice of the conduct it believes constitutes bad faith and an opportunity to respond. *Id.* at 1575–76. The court has done so here.

The court's April 26, 2022, order explains at length the Shenyang Defendants' conduct that it believes constitutes bad faith and how that conduct has impeded Kearney's ability to proceed with its case and the court's ability to fairly and efficiently administer rulings in this action. (*See* doc. 47). The court gave the Shenyang Defendants an opportunity to respond to the court's characterization of their conduct, but the Shenyang Defendants have not filed a response. (*Id.* at 7–8). To bring this case to resolution, the court is left with no choice but to enter a default judgment against the Shenyang Defendants for their bad faith conduct.

Accordingly, as an alternative to entry of default judgment as a sanction under Rules 16 and 37, the court **WILL ENTER** default judgment against the Shenyang Defendants under the court's inherent power.

## IV. CONCLUSION

The court **DENIES** as **MOOT** Kearney's motion for default judgment under Rule 55. (Doc. 46).

The court **GRANTS IN PART** and **DENIES IN PART** Kearney's motion for sanctions under Rule 16 and Rule 37. (Doc. 48).

After Kearney supplements the record regarding its request for expenses and fees, the court **WILL ENTER DEFAULT JUDGMENT** in favor of Kearney and

14

against the Shenyang Defendants on Count One of Kearney's complaint as a sanction under Rules 16 and 37 and alternatively, under the court's inherent power.

**On or before July 20, 2022,** Kearney **SHALL** file affidavits or other admissible evidence establishing the amount and reasonableness of the expenses and fees it incurred because of the Shenyang Defendants' failures under Rules 16 and 37.

**DONE** and **ORDERED** this July 6, 2022.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE